Filed 7/24/23  P. v. Serrano CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID SERRANO,<br><br>    Defendant and Appellant. | F085640<br><br>(Super. Ct. No. F22907474)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Snauffer, J. and DeSantos, J.

# INTRODUCTION

Appellant and defendant David Serrano (appellant) pleaded no contest to a misdemeanor offense and was placed on probation. On appeal, his appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has filed a letter brief. We address appellant's contentions, review the record, and affirm.

# PROCEDURAL BACKGROUND

On October 13, 2022, a felony complaint was filed in the Superior Court of Fresno County charging appellant with count 1, commission of a lewd and lascivious act upon a child, Jane Doe, who was 14 or 15 years old, and appellant was at least 10 years older than the victim, on or about October 11, 2022 (Pen. Code,[1] § 288, subd. (c)(1)), with one prior strike conviction.[2]

On October 14, 2022, the trial court appointed counsel and appellant pleaded not guilty. The court issued a criminal protective order.

## Plea and sentencing hearing

On December 20, 2022, the trial court convened the scheduled preliminary hearing. The parties advised the court they had reached a resolution, and appellant would plead to a misdemeanor violation of section 647.6 and register as a sex offender for 10 years. The prosecutor stated the victim and her family agreed with this resolution if a

---

[1] All further statutory citations are to the Penal Code.

[2] The record does not state any facts about the charged offense aside from the allegations in the felony complaint. Appellant waived a preliminary hearing and entered a misdemeanor plea, and a probation report was not prepared in this case. The parties stipulated to the police reports for the factual basis, but such reports are not in this record.

criminal protective order was issued as part of the sentence. The parties stipulated to the police reports as the factual basis for the plea.

The trial court granted the prosecutor's motion to amend count 1 to a misdemeanor violation of section 647.6, subdivision (a)(1), annoying or molesting a child under the age of 18 years. Appellant signed a plea advisement and waiver of rights form. Appellant pleaded no contest to the amended charge.

The trial court suspended sentence and placed appellant on informal probation for one year subject to certain terms and conditions. The court terminated the previous criminal protective order, issued a new criminal protective order prohibiting contact with the victim, ordered appellant to register as a sex offender for 10 years pursuant to section 290, and reserved victim restitution.

On January 24, 2023, appellant filed a timely notice of appeal, and his certificate of probable cause was granted.

## **DISCUSSION**

As noted above, appellant's counsel filed a *Wende* brief with this court. The brief also included counsel's declaration indicating that appellant was advised he could file his own brief with this court. By letter on May 12, 2023, we invited appellant to submit additional briefing. On June 8, 2023, appellant filed a letter brief that raises several issues, none of which are supported by the record.

First, appellant asserts he was not given "the opportunity to testify on my behalf[.]" However, appellant withdrew his prior plea of not guilty and pleaded no contest to the amended misdemeanor count, and there was no trial.

Next, appellant makes several allegations about a search warrant, and asserts property was seized from his residence pursuant to a warrant in October 2022, and this evidence was admitted "in the trial" and used "to convict me." Appellant further states the judge "purposely" left out "allegations" about the search warrant from the record.

3

Appellant asserts that as a result of the search, "evidence [was] produced by fraud and that was exfoliated due to expiation with the intent to exfoliate produced by and that the tactics which also produced unlawful unwilling and unwillful gross misconduct[.]" (*Sic*.) Appellant also asserts there was "violation of discovery rules" and the warrant was defective, without further explanation.

Appellant attached several documents to his letter brief, including a search warrant dated October 11, 2022, that is not otherwise part of the certified appellate record. The warrant was signed by a judge, and authorized searches of appellant's residence and vehicle for evidence of the crimes of kidnapping with intent to commit sex crimes, and lewd and lascivious acts on a minor under 14 years old. The warrant also authorized collection of photographs of appellant, and a buccal swab or a blood sample to obtain a DNA sample from him. Appellant attached a law enforcement property/evidence report showing certain electronic devices were seized during the search.

We note that prior to entering his plea, appellant did not file a motion to suppress or exclude evidence, or challenge the validity of any warrant or search in this case. Instead, he withdrew his not guilty plea and pleaded no contest to the reduced misdemeanor charge before the preliminary hearing was held. There was no "evidence" introduced at a "trial" to "convict" him.

Even if we were to consider the documents attached to appellant's letter brief, there is nothing in the instant record to support his conclusory and unsupported allegations that a search warrant was executed in this case that was "defective," some type of misconduct occurred during a search, or there were any "discovery" violations. (*People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 [a reviewing court need not discuss claims that are asserted perfunctorily and insufficiently developed]; *People v. Sullivan* (2007) 151 Cal.App.4th 524, 549 [defendant "bears the burden to provide a record on

4

appeal which affirmatively shows that there was an error below, and any uncertainty … must be resolved against the defendant"].)

Finally, appellant requests that we "stay" the trial court's order for him to register as a sex offender because he has already done so, and attached a document to his letter brief that purports to confirm his registration. The court's order for appellant to register as a sex offender for 10 years pursuant to section 290 was part of the negotiated disposition and the sentence imposed, and his alleged compliance does not require this court to "stay" or otherwise strike the existing order.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.